# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Genesis Health Clubs, Inc.,**

    **Plaintiff,**

**v.**                                                          Case No. 13-CV-1269

**LED Solar & Light Company,**

    **Defendant.**

## MEMORANDUM & ORDER

This case involves a contractual dispute concerning the sale of LED lamps by LED Solar & Light Company ("LED Solar") to Genesis Health Clubs, Inc. ("Genesis"). Genesis filed a state court petition asserting claims of breach of contract, breach of implied warranty under K.S.A. § 84-2-314 and breach of express warranty under K.S.A. § 84-2-313.[1] LED Solar then removed the action to federal court and promptly filed a motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6). That motion is presently before the court and, as will be explained, is granted in part and denied in part. To the extent the motion is granted, the court permits Genesis to file an amended complaint no later than September 27, 2013.

**Standard**

LED Solar's motion to dismiss is based on Federal Rule of Civil Procedure 12(b)(6). In analyzing the motion, the court accepts as true "all well-pleaded factual allegations in the

---

[1] The petition also sets forth a claim under the Kansas Consumer Protection Act which Genesis, in response to LED Solar's motion to dismiss, has moved to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41(a). Without objection from LED Solar, that motion is granted.

complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citation omitted). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Burnett*, 706 F.3d at 1235 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

According to the Tenth Circuit, "[t]wo working principles underlie this standard. 'First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'" *Id*. (quoting *Iqbal*, 556 U.S. at 678). "Thus, mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." *Id.* (citations and quotations omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. (quoting *Iqbal*, 556 U.S. at 679). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678). "The complaint must offer sufficient factual allegations 'to raise a right to relief above the speculative level.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). Although "[s]pecific facts are not necessary" to comply with Rule 8(a)(2), the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555)).

2

"Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 1236 (quoting *Iqbal*, 556 U.S. at 679). "This contextual approach means comparing the pleading with the elements of the cause(s) of action." *Id*. (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012)). While a plaintiff "is not required to set forth a prima facie case for each element, [he or] she is required to set forth plausible claims animating the elements" of each cause of action. *Id*. (quotations omitted). "Pleadings that do not allow for at least a 'reasonable inference' of the legally relevant facts are insufficient." *Id*. (citing *Iqbal,* 556 U.S. at 678).

**Background**

The following well-pleaded allegations, taken from Genesis's petition, are accepted as true for purposes of LED Solar's motion. Sometime prior to August 11, 2001, the parties had a series of discussions concerning the replacement of Genesis's current lighting in its Wichita, Kansas facility with new LED lighting. During these discussions, a representative from LED Solar assured Genesis that the new LED lighting would be uniform in color throughout the facility. Moreover, despite the fact that Genesis needed to obtain a loan in order to purchase the new LED lighting, LED Solar assured Genesis that the new lighting would have no impact on Genesis's cash flow because the savings that Genesis would realize in terms of reduced energy costs would amount to at least the $1650 monthly payment on the loan.

On August 11, 2011, the parties entered into a purchase agreement whereby Genesis agreed to pay a purchase price of $82,271.50 for the new LED lighting. The written agreement, referenced in the petition and thus considered by the court, states that "any other verbal or written proposals or agreements preceding this proposal are void." The agreement contains a two-year warranty on the LED lighting so long as the LED lamps are used in the fixture or location recommended by LED Solar. The Agreement also "warranties . . . a minimum of 35% deduction in wattage consumption."

In November 2011, Genesis paid an independent electrician $7565.00 to install the lighting in accordance with LED Solar's requirements and the electrician was in contact with LED Solar throughout the installation process. After the installation, it became apparent to Genesis that the lighting was defective in a variety of ways. The lights intermittently failed to turn on; the lights flickered; the lights were not uniform in color; and the lights burned out prematurely. In addition, Genesis did not realize the energy savings warranted by LED Solar and Genesis's cash flow suffered. According to Genesis, its employees spent months trying to remedy the problems caused by the defective lighting.

After exploring potential causes and solutions, the parties agreed that the best solution was to return the defective lighting for a refund and LED Solar agreed to refund Genesis for the lighting upon receipt. On August 15, 2012, Genesis began the return process by shipping a portion of the lighting back to LED Solar for a refund. Although receipt of the lighting was acknowledged by LED Solar, LED Solar has refused to refund any money to Genesis. Genesis alleges that it has not made any further return of the lighting because the expected refund has not been paid.

4

**Breach of Contract**

In the first count of its petition, Genesis sets forth a claim for breach of contract premised on the notion that Genesis paid the full purchase price for the lighting and LED Solar breached the contract by sending lighting that was defective in various respects. Genesis alleges damages in the form of the purchase price; the cost of hiring the electrician to install the lighting; the lack of energy savings and continued high monthly energy bills; as well as time spent by its employees trying to remedy the situation.

LED Solar moves to dismiss this claim on the grounds that it is barred by the doctrine of accord and satisfaction. According to LED Solar, the parties agreed to settle Genesis's original claim by a subsequent agreement under which Genesis would return all of the lighting for a full refund. LED Solar contends that Genesis did not fulfill its promise because it only returned a portion of the lighting and, as a result, Genesis is not entitled to a full refund. Genesis's petition, however, does not allege that it agreed to return "all" of the lighting but that LED Solar agreed to refund Genesis "for the lighting." The basis for LED Solar's reliance on the doctrine of accord and satisfaction, then, is not found in the petition and cannot support a Rule 12(b)(6) motion. *See Howard v. Ferrellgas Partners, L.P.*, 2011 WL 3299689, at *4 n.3 (D. Kan. 2011) (complaint may be dismissed under Rule 12(b)(6) on the basis of accord and satisfaction only when the defense appears plainly on the face of the complaint itself).

LED Solar also moves to dismiss because Genesis has failed to plead "cognizable damages." This argument is based primarily on LED Solar's accord and satisfaction defense. LED Solar contends that Genesis, in light of the subsequent agreement reached by the parties, suffered no damages as a result of the original breach. Because Genesis is suing for breach of

contract under the UCC and the original breach (as opposed to the parties' subsequent compromise of that breach), Genesis has adequately pleaded damages. In any event, as noted earlier, because LED Solar's accord and satisfaction defense does not appear plainly on the face of the petition, the court cannot dismiss Genesis's complaint on the basis of that defense.

LED Solar also contends that Genesis cannot assert a claim for damages based on its continued payment of high monthly energy bills because the parties' purchase agreement does not provide that Genesis would see a reduction in its energy bills. This argument is rejected. As explained by Genesis in its response, the written contract does warranty a 35% reduction in wattage consumption and Genesis alleges that it continues to pay high monthly energy bills because it has not realized the guaranteed reduction in wattage consumption. Genesis, then, has stated a plausible claim for damages stemming from a breach of the purchase agreement.

LED Solar's remaining arguments concerning the dismissal of Genesis's breach of contract claim are raised for the first time in its reply brief and, as such, the court declines to address those arguments. *Lynch v. Barrett*, 703 F.3d 1153, 1160 n.2 (10th Cir. 2013). Even if the court were to consider those arguments, it would reject them. Contrary to LED Solar's argument, Genesis is not attempting to assert a common law breach of contract claim; the claim set forth in the petition is clearly made under the Uniform Commercial Code despite the fact that it does not reference the Code. Moreover, while Genesis's breach of contract claim may be duplicative of Genesis's breach of implied warranty and express warranty claims, that issue is more properly fleshed out on a motion for summary judgment.

For the foregoing reasons, LED Solar's motion to dismiss Genesis's breach of contract claim is denied.

**Breach of Implied Warranty**

In its petition, Genesis also sets forth a claim for breach of implied warranty pursuant to K.S.A. § 84-2-314. Genesis alleges that the purchase agreement contained an implied warranty that the lighting would be merchantable but the lighting did not "run of even kind and quality;" that the color of the lighting varied; that the lighting did not produce the wattage savings guaranteed by LED Solar; that the lighting often did not work at all; and that the lighting was not adequately contained, packaged and labeled "because many of the shipped items did not arrive at Genesis as promised." Genesis alleges that it has suffered damages as a result of the defective lighting.

LED Solar moves to dismiss this claim on the ground that Genesis has failed to plead an actual defect in the lighting and, instead, pleads that the lighting functioned as it was designed to function—by producing light. It cannot be credibly argued that the lighting is "fit for the ordinary purposes for which" it is used simply because the lighting produces light—particularly in the face of Genesis's allegations that the lighting did not always turn on and, when it did, it flickered and burned out prematurely. *See* K.S.A. § 84-2-314 (merchantable goods must be fit for the ordinary purposes for which such goods are used). Moreover, Genesis further alleges that the lighting was not uniform in color. *See id*. (merchantable goods must run of even kind, quality and quantity among all units involved).

LED Solar's only other argument in support of its motion to dismiss the implied warranty claim is that Genesis has failed to allege how it was damaged (or any other details) in connection with its allegation that the lighting was not adequately contained, packaged or

7

labeled. The court agrees that Genesis's allegation concerning inadequate containment, packaging and labeling is conclusory. The petition is devoid of any allegations suggesting how the containment, packaging or labeling was inadequate or how those purported inadequacies damaged Genesis. Simply put, there are no allegations in the petition which would permit the court to draw the reasonable inference that LED Solar is liable for breach of an implied warranty stemming from the containment, packaging or labeling of the goods shipped to Genesis. That portion of Genesis's implied warranty claim is dismissed, but the court will permit Genesis, no later than September 27, 2013, an opportunity to amend its petition to the extent it is able to flesh out those allegations.

**Breach of Express Warranty**

Finally, Genesis sets forth a claim for breach of express warranty pursuant to K.S.A. § 84-2-313. In its petition, Genesis alleges that LED Solar made affirmations regarding a 35% wattage consumption reduction with Genesis's use of LED Solar's lighting. Genesis further alleges that LED Solar represented to Genesis that the "process of switching out the current lighting to the new LED lighting would have no impact on Genesis's cash flow because the savings would be realized in energy reduction, despite the fact that Genesis would have to obtain a loan in order to purchase the lighting." According to Genesis, LED Solar guaranteed that the energy savings would amount to as least the monthly payment on the loan, or $1650. Genesis alleges that LED Solar made "further affirmations" that the lighting would be consistent in color. Finally, Genesis alleges that it decided to purchase the lighting in reliance on each of the representations made by LED Solar; that the lighting did not result in the promised reduction in

wattage consumption; that the lighting was not consistent in color; and that Genesis was damages by LED Solar's breach of these express warranties.

In its motion, LED Solar contends that Genesis cannot enforce any express warranty other than the warranty concerning the 35% reduction in wattage consumption because the purchase agreement states that "[a]ny other verbal or written proposals or agreements preceding this proposal are void." The court cannot conclude at this juncture that the general integration clause in the purchase agreement is sufficient to disclaim prior express warranties. The integration clause uses boilerplate language that does not specifically disclaim reliance on representations during negotiations and, on its face, the integration clause seems unrelated to the oral representations upon which Genesis relies. *See Ramada Franchise Sys., Inc. v. Tresprop, Ltd.*, 188 F.R.D. 610, 615-16 (D. Kan. 1999) (under Kansas law, boilerplate integration clause would not bar parol evidence to show oral representations made during negotiations). At a minimum, a factual question exists as to whether any claim based on oral representations were foreclosed by virtue of the integration clause. LED Solar's motion is denied as to this issue.[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant LED Solar & Light Company's motion to dismiss (doc. 7) is granted in part and denied in part. Genesis may file an amended complaint no later than September 27, 2013.

---

[2] LED Solar's reliance on *Jordan v. Doonan Truck & Equipment, Inc.*, 220 Kan. 431 (1976) is clearly misplaced. In *Jordan*, the Kansas Supreme Court held that the trial court erred in admitting at trial evidence of alleged oral warranties in the face of a handwritten disclaimer on the face of the parties' written contract that stated "Sold as is, where is, no warranty" and where the purchaser testified at trial that he read the disclaimer and understood what it meant. *Jordan* has absolutely no application on a 12(b)(6) motion where the parties' contract contains no clear disclaimer of warranties.

**IT IS SO ORDERED.**

Dated this 18th day of September, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
