UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENESIS HEALTH CLUBS, INC.,

    Plaintiff,

v.                                                                  Case No. 13-1269-JWL

LED SOLAR & LIGHT COMPANY,

    Defendant.

**<u>ORDER</u>**

    This case involves a commercial dispute. The plaintiff, Genesis Health Clubs, Inc., which operates a fitness club in Wichita, Kansas, purchased certain light-emitting diode ("LED") lamps from the defendant, LED Solar & Light Company. Plaintiff asserts various contract-based claims.[1] Defendant counterclaims that plaintiff failed to make payments due under the purchase agreement. This matter is currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, on plaintiff's motion to designate non-retained expert witnesses under Fed. R. Civ. P. 26(a)(2)(C) out of time (**ECF doc. 39**). For the reasons discussed below, plaintiff's motion is granted.

---

[1] More specifically, plaintiff first claims that defendant breached the parties' contract by providing defective lighting that often did not work and did not provide the energy savings guaranteed. Second, plaintiff claims that the lighting did not run of even kind or quality and often did not work at all, constituting a breach in implied warranty of merchantability. And third, plaintiff claims that defendant breached certain express warranties.

All experts must be disclosed under Fed. R. Civ. P. 26(a)(2)(A).[2] For non-retained experts, under Fed. R. Civ. P. 26(a)(2)(C), the disclosing party must provide: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703 or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.[3] "A party must make these disclosures at the time and in the sequence that the court orders."[4] The court's final scheduling order set plaintiff's expert disclosure deadline as October 18, 2013 (ECF doc. 12). Plaintiff did not serve Rule 26(a)(2) disclosures for Mr. Chaffin and Mr. Troyer until they were attached as an exhibit to the instant motion, which was filed on January 10, 2014.[5]

Fed. R. Civ. P. 6(b) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion after the time has expired if the party failed to act because of *excusable neglect*." A showing of "good cause" requires a proffer of the reasons for the failure to meet the deadline.[6] Excusable neglect is an elastic concept not limited to circumstances outside of the neglecting party's

---

[2] *White v. Union Pac. R.R. Co.*, No. 09-1407, 2012 WL 380245, at *2 (D. Kan. Feb. 6, 2012).

[3] Fed. R. Civ. P. 26(a)(2)(C).

[4] Fed. R. Civ. P. 26(a)(2)(D).

[5] ECF doc. 39, Exh. 1.

[6] *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 624, 629 (D. Kan. 2001).

control.⁷  In determining whether neglect is excusable, the court should consider all of the circumstances surrounding the omission, specifically including: (1) prejudice to the other side, (2) the length and effect of any delay, (3) the reasons for the omission and whether it was within the control of the party, and (4) whether the neglecting party acted in bad faith.⁸

As stated above, the deadline for plaintiff to file expert disclosures was October 18, 2013.  Plaintiff filed its motion on January 10, 2014.  Plaintiff seeks to designate two electricians, Joel Troyer and Roger Chaffin, as individuals who will be providing testimony in this case.  Plaintiff previously had identified these electricians in its Rule 26(a)(1) disclosures as having information regarding the installation of defendant's lighting in plaintiff's facility.  On November 12, 2013, defendant was also notified that these individuals would be called as witnesses in plaintiff's responses to defendant's interrogatories.  In addition, plaintiff previously disclosed e-mails relating each of these witnesses' independent inspections of the wiring and fixtures at plaintiff's facility.

Plaintiff contends that these two men are *factual* witnesses and the testimony they will offer at trial relates to circumstances with which they had personal involvement. However, plaintiff is asking the court for leave to file its expert disclosures out of time

---

⁷ *Potter v. Health Care Auth.*, No. 03-1326, 2006 WL 580986, at *4 (D. Kan. Mar. 8, 2006) (citing *Burton*, 203 F.R.D. at 628 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

⁸ *Potter*, 2006 WL 580986, at *4 (citing *Pioneer*, 507 U.S. at 395; *Burton*, 203 F.R.D. at 628-29).

"in an abundance of caution" because there remains a question as to whether or not their testimony will come under the ambit of non-retained expert testimony.

As earlier indicated, the first factor to consider is the danger of prejudice to the non-moving party. Defendant asserts that it will be prejudiced if the court grants plaintiff's motion because defendant is currently preparing its summary judgment motion and one of its bases for seeking summary judgment is plaintiff's failure to identify an expert. Defendant states it "has been busy researching and preparing its motion for summary judgment. Now, instead of focusing on the summary judgment, defendant is forced to prepare this memorandum."[9]

Defendant also argues that there is "no substantial difference"[10] between the facts in this case and those addressed in *Schneider v. CLAAS of Am., Inc.*, No. 12-2235, 2013 WL 968986 (D. Kan. Mar. 12, 2013). In *Schneider*, the court denied a motion to amend the scheduling order, in part, because of the potential prejudice to the defendant.[11] However, the defendant in that case had already filed its summary judgment motion. The court held it was highly prejudicial to defendant to allow plaintiff to "secure a 'do-over' after seeing defendant's summary judgment motion," especially when plaintiff delayed his disclosure of expert witnesses "for strategic reasons."[12] Additionally, the plaintiff had

---

[9] ECF doc. 41 at 5.

[10] *Id.* at 5.

[11] *Schneider*, 2013 WL 968986, at *3.

[12] *Id.*

O:\ORDERS\13-1269-JWL-39.docx

4

lied to the court several times, including, in his initial motion and brief when he claimed he could not meet the deadline because of his expert's illness.[13]

Here, defendant is somewhat prejudiced in that counsel has already started working on its summary judgment motion. But that motion has not been filed. Plaintiff has not had access to defendant's motion. This is not the situation where plaintiff seeks a "do-over" after reviewing defendant's arguments. Additionally, defendant has had notice that these witnesses may be called to testify as fact witnesses for plaintiff. This is certainly not the same as designating them as non-retained expert witnesses. However, it lessens the surprise and prejudice to defendant. Therefore, this factor weighs in plaintiff's favor.

As to the second factor, defendant asserts that the length of the delay here is long and its impact on the proceedings is severe. Defendant quotes *Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 82-83 (10th Cir. 2011), where the court upheld the lower court's holding that allowing a supplemental expert report "just more than one month before all dispositive motions were due would prejudice [the other party] and disrupt the litigation."[14] However, that court emphasized the fact that defendants never asked the court to extend the expert disclosure deadline and waited to supplement its report until the *same day* defendant's filed their summary judgment motion. Here,

---

[13] *Id.* at *4.

[14] ECF doc. 41 at 5.

plaintiff is asking for an extension out of an "abundance of caution."[15] Defendants have not filed their summary judgment motion yet. Dispositive and *Daubert* motions are not due until February 3, 2014, and the trial is more than five months away.[16] The length of delay is not ideal but it is not so severe to find that plaintiff's neglect was inexcusable.

Defendant asserts that the third factor weighs in its favor because the reason for delay was completely under plaintiff's control. The court tends to agree. If plaintiff was truly acting out of an "abundance of caution," it should have designated these two witnesses before the October 18, 2013 deadline. Instead, plaintiff filed its motion almost three months late and only after a discussion about witnesses during the final pretrial conference. This factor weighs in defendant's favor, but only slightly.

Finally, defendant asserts that plaintiff's actions are not in good faith. Defendant emphasizes the fact that plaintiff filed its motion after defendant shared one of its bases for seeking summary judgment—plaintiff's lack of expert testimony. Additionally, defendant states, "[m]ore importantly as to good faith, the proposed designation is still insufficient."[17] This argument is not persuasive. Whether plaintiff's proposed expert designation is sufficient is not before the court. Regardless, the foregoing fails to establish plaintiff acted in bad faith. Plaintiff promptly filed this motion after a question

---

[15] ECF doc. 39 at 3.

[16] ECF doc. 12.

[17] ECF doc. 41 at 6.

arose during the final pretrial conference and did so out of an "abundance of caution." Plaintiff's actions in this case do not support a finding of bad faith.

Having considered the parties' arguments and concerns, the court hereby grants plaintiff's motion. However, the court makes no ruling as to whether plaintiff's two electrician witnesses qualify as retained experts and are therefore subject to the requirements of Fed. R. Civ. P. 26(a)(2)(B). Nor does the court make any ruling whether plaintiff's non-retained expert disclosures are sufficient. Defendant may certainly address those issues, if necessary, in an appropriate motion in the future.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file expert disclosures out of time (**ECF doc. 39**) is granted. Plaintiff shall serve its expert designations on or before **January 27, 2014**.

IT IS SO ORDERED.

Dated January 24, 2014, at Kansas City, Kansas.

                                                 s/ James P. O'Hara
                                                 James P. O'Hara
                                                 U. S. Magistrate Judge