IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENESIS HEALTH CLUBS, INC.,  )
                        Plaintiff,  )
      v.                          )    Case No. 13-1269-JWL

LED SOLAR & LIGHT COMPANY,  )

                        Defendant.  )

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion (Doc. # 52) for reconsideration of certain rulings contained in the Court's Memorandum and Order of March 26, 2014, by which the Court granted in part defendant's motion for summary judgment. For the reasons set forth below, the Court **denies** the motion for reconsideration.

### I. Governing Standards

Plaintiff seeks reconsideration of the Court's summary judgment order pursuant to Fed. R. Civ. P. 59(e). *See* D. Kan. R. 7.3(a) (party seeking reconsideration of dispositive order must do so pursuant to Rule 59(e) or Rule 60). Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent

manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *See id.* It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

## II. **Rejection or Revocation of Acceptance of the Goods by Plaintiff**

Plaintiff argues that the Court misapprehended the facts and the law in granting defendant summary judgment on plaintiff's claim for damages in the amount of the purchase price of the goods at issue. The Court based that ruling on its conclusion that plaintiff failed to produce evidence that it rejected the goods or revoked its acceptance of the goods pursuant to the Uniform Commercial Code (UCC). The Court reasoned as follows:

> In opposing summary judgment, plaintiff does not dispute that it must have rejected or revoked acceptance of the lights in order to recover the purchase price. Plaintiff argues, however, that it did reject or revoke acceptance in this case. Specifically, plaintiff argues that once the lights were determined to be defective, it gave notice of defendant's breach in accordance with K.S.A. § 84-2-607(3)(a), which provides that "[w]here a tender has been accepted . . . the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." *See id.* Plaintiff argues that it communicated with defendant concerning the breach and allowed defendant the opportunity to cure the breach, and that when defendant

2

failed to effect a cure, it began to return the lights and revoked or rejected at that time. Plaintiff has not pointed to any evidence, however, that it actually did revoke its prior acceptance of the lights. Plaintiff has provided evidence of communications between the parties concerning alleged defects in the lights; but plaintiff has not provided any evidence of any communication in which it stated that it was canceling the contract or rejecting acceptance of the lights or revoking prior acceptance of the lights.

K.S.A. § 84-2-606 provides that acceptance of goods occurs when the buyer fails to make an effective rejection after a reasonable opportunity to inspect the goods, or when the buyer does any act inconsistent with ownership of the goods by the seller. *See id.* A buyer may reject goods within a reasonable time of delivery with notice to the seller. *See* K.S.A. § 84-2-602(1). The Court concludes as a matter of law that plaintiff did not reject the lights delivered by defendant. Plaintiff has cited no evidence that it gave any notice to defendant that it was rejecting the goods. In fact, plaintiff's argument that it gave notice of breach under K.S.A. § 84-2-607(3)(a) supports the conclusion that plaintiff accepted the lights, as that subsection addresses notice of breach after acceptance. *See id.* Moreover, plaintiff does not dispute that it used and continues to use some of the lights, and such use without compensation to defendant is inconsistent with ownership of the lights by defendant. *See* K.S.A. § 84-2-606.

The Court also concludes as a matter of law that plaintiff did not effectively revoke acceptance of the lights. Revocation of acceptance requires notice of the revocation to the seller. *See* K.S.A. § 84-2-608(2). Again, plaintiff may have notified defendant of a breach, but it did not notify defendant that it was revoking acceptance and canceling the contract, and the comments to section 84-2-608 indicate that mere notice of a breach under the preceding section is generally not sufficient to effect revocation of acceptance. *See id.* cmt. 5; *id.* Kan. cmt. 3 (referring to Official Comment 5 for the required contents of the notice of revocation); *see also* 1 Barkley Clark, *supra,* § 7:14 (more is required for revocation of acceptance than simple notice of breach; imposition of separate notice-of-breach requirement in section 2-607 shows intent of drafters for something more in section 2-608(2)); James J. White & Robert S. Summers, *Uniform Commercial Code* § 9-4, at 433 (6th ed. 2010) (mere notification of breach under section 2-607(3) is not enough to effect revocation of acceptance). Nor does plaintiff's return of a small portion

>    of the lights constitute revocation of acceptance. *See* K.S.A. § 84-2-608
>    Kan. cmt. 3 (citing to *Delhomme Indus. Inc. v. Houston Beechcraft, Inc.*,
>    735 F.2d 177 (5th Cir. 1984), for the proposition that a buyer who
>    "resells" goods back to the seller has not revoked acceptance).
>
>    In short, plaintiff has not pointed to any evidence indicating that it
>    did more than try to obtain conforming lights from defendant or return a
>    few of the lights, and that it instead chose specifically to cancel the
>    contract and to reject or revoke acceptance of the lights. Accordingly,
>    plaintiff may not recover the purchase price of the lights, and defendant
>    is awarded summary judgment on that claim by plaintiff.

*See Genesis Health Clubs, Inc. v. LED Solar & Light Co.*, 2014 WL 1246768, at *7-8 (D. Kan. Mar. 26, 2014).

Plaintiff argues that it did present evidence of rejection or revocation in opposition to summary judgment, and that the Court therefore erred in holding that plaintiff did not reject or revoke as a matter of law. In support of that argument, plaintiff points to five pieces of evidence that it submitted with its summary judgment opposition. Plaintiff argues that that evidence, viewed in its favor, shows that it did reject or revoke in communications with defendant in which plaintiff did not merely notify defendant of a breach of warranty and the non-conforming nature of the goods, but also arranged for the return of all of the goods to defendant for a refund. The evidence identified by plaintiff may be summarized as follows:

   a.   A representative of plaintiff, Ryan Brooks, testified in his deposition that the parties agreed that plaintiff could return all of the defective lighting, in stages, with plaintiff getting refunds to buy replacement lights; that plaintiff returned $3,777 worth of lights to defendant; that defendant did

4

not pay that refund; and that plaintiff did not send any more lights back to defendant.

b. In his affidavit, Bruce Redinger, the alleged agent of defendant, stated that defendant agreed to a refund if the lights were shipped back; that defendant knew that plaintiff needed to purchase new lights before removing them all; that plaintiff shipped a portion of the lights back to defendant; and that defendant failed to pay a refund for the returned lights.

c. In an e-mail, Paul Arnone, a representative of defendant acknowledged problems with some lights and described attempts to resolve some of those issues; and he stated that plaintiff could have a $6,000 credit if plaintiff kept certain lights.

d. In an e-mail, Mr. Brooks noted other problems with the lights and responded that plaintiff would rather have all matching lights than take the $6,000 credit.

e. In e-mails, Mr. Arnone noted that defendant had agreed to allow plaintiff to return the lights for credit; and Mr. Brooks stated that plaintiff had returned faulty lights worth $3,777, that plaintiff had not received that refund yet, and that plaintiff had another shipment ready to return to defendant once that refund was paid.

Thus, in opposition to summary judgment, plaintiff provided evidence only that the parties agreed to a refund procedure, but that only a small portion of the lights ($3,777

5

worth of lights, from the purchase price of $82,271.50) were actually returned, with plaintiff continuing to retain and use the remainder of the lights. Contrary to plaintiff's argument in its motion for reconsideration, there is no evidence that plaintiff intended to or did reject or revoke acceptance of the lights. Plaintiff has still not identified a particular communication in which it notified or conveyed to defendant anything to the effect that it was rejecting or revoking acceptance of the lights. Plaintiff may have intended to return the product to defendant, but it actually returned only a small portion of those goods. Plaintiff has not provided any authority to support the proposition that such conduct may constitute rejection or revocation of acceptance. As discussed in the Court's original ruling, plaintiff's continued use of the lights is an act that is inconsistent with ownership by defendant and thus indicates acceptance of the goods by plaintiff. Thus, the Court is not persuaded that it erred in its original rulings that plaintiff did not reject or revoke acceptance as a matter of law and that plaintiff may not recover the purchase price of the goods for that reason. Accordingly, the Court denies plaintiff's motion for reconsideration of those rulings.

### III. Claim for Difference in Value

At the conclusion of its ruling concerning plaintiff's claim for return of the purchase price, the Court stated as follows:

> The Court notes that because plaintiff did not reject or revoke acceptance of the goods, it would ordinarily be entitled to seek damages under K.S.A. § 84-2-714 for the difference between the value of the lights

6

> as delivered and the value of the lights if as warranted. Plaintiff has not asserted any such claim in the pretrial order, however, or provided any evidence of such difference in value. Accordingly, plaintiff is barred from asserting any such claim for the difference in value. *See* 1 Barkley Clark, *supra*, § 7:26 ("If the buyer fails to present any evidence as to the value differential under § 2-714, he is doomed.").

*See Genesis Health Clubs*, 2014 WL 1246768, at *8. Plaintiff argues in its motion for reconsideration that the Court improperly barred plaintiff from asserting a claim at trial for the difference in value.

Plaintiff first argues that the Court should not have made any such ruling because the viability of such a claim was not raised as an issue in defendant's summary judgment motion. The Court disagrees. Defendant clearly intended to move for summary judgment separately on each damage theory asserted by plaintiff—in its statement of facts, defendant stated that plaintiff asserted three damage claims (for the purchase price, for electrician costs, and for the failure to achieve a reduction in energy consumption), and then defendant proceeded in its brief to make separate arguments for summary judgment on each of those damage claims. In its argument relating to the purchase price, defendant noted that the usual measure of damages for a breach of warranty is the difference in value, but that plaintiff had not asserted such a claim. In its response brief, in responding to defendant's statement of fact, plaintiff disputed that it asserted only the three categories of damages listed, but it did not identify any other damage theories, and instead merely referred to the petition and the pretrial order—neither of which includes a claim by plaintiff for the difference in value. Then, in responding to defendant's

7

argument concerning the purchase price claim, plaintiff did not contradict or refer to defendant's statement that plaintiff had not asserted a claim for the difference in value.

Thus, the issue of the particular claims asserted and not asserted by plaintiff had been raised by defendant, and the Court therefore reasonably and appropriately noted that plaintiff had not asserted a claim for the difference in value.[1] Given the absence of the claim, the Court's reference to the lack of evidence was perhaps unnecessary. Nevertheless, because no such claim had been preserved by plaintiff in the pretrial order, the Court did not err in noting that plaintiff could not assert such a claim in the future. *See Wilson v. Muckala*, 303 F. 3d 1207, 1215 (10th Cir. 2002) (theories of damages not included in the pretrial order are waived).

Plaintiff suggests that it could not have asserted claims both for the purchase price and for the difference in value. As defendant points out, however, the Federal Rules allow for claims to be asserted in the alternative. *See, e.g.*, Fed. R. Civ. P. 8(d)(2).

Plaintiff also argues that because the Court has discretion to modify a pretrial order, *see, e.g.*, Fed. R. Civ. P. 16(d), the Court should not have absolutely foreclosed the possibility of such a modification. The Court has not indicated, however, how it would rule on any future motion to amend the pretrial order, and plaintiff has not filed any such motion. In its motion for reconsideration, plaintiff appears to suggest that

---

[1] Plaintiff does not appear to object to the fact that the Court also pointed out in a footnote that defendant had not addressed certain other damage claims asserted by plaintiff in the pretrial order. *See Genesis Health Clubs*, 2014 WL 1246768, at *8 n.6.

amendment would be appropriate at this time. Specifically, plaintiff argues that defendant should not suffer any surprise from the assertion of a difference-in-value claim at this time, in light of the facts that the difference in value is the usual measure of damages for a breach of warranty; plaintiff did assert a claim for the purchase price; and a claim for the difference in value would normally be less than a claim for the purchase price. Plaintiff, however, has not established a lack of prejudice to defendant from an amendment at this time. Plaintiff appears to argue that defendant should not be surprised because the dollar amount of its claim would probably decrease if its purchase price claim changed into a difference-in-value claim. The lack of a substantial change in dollars does not equate with a lack of prejudice, however. Defendant was entitled to know in discovery how plaintiff intended to measure and prove its damages, as well as the amount of those damages. Because plaintiff did not assert any claim for the difference in value, defendant cannot have been expected to conduct any discovery on such a claim. Thus, because discovery is completed, defendant would suffer prejudice from the insertion of a wholly new measure of damages at this time.

Accordingly, plaintiff has not shown good cause for the amendment of the pretrial order to include a new claim for the difference in value. The Court concludes that it did not err in noting that plaintiff has not preserved such a claim, and it therefore denies that portion of plaintiff's motion for reconsideration.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for

reconsideration (Doc. # 52) is **denied**.

IT IS SO ORDERED.

Dated this 20th day of May, 2014, in Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge