IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENESIS HEALTH CLUBS, INC.,        )
                                   )
            Plaintiff,             )
                                   )
v.                                 )   Case No. 13-1269-JWL
                                   )
LED SOLAR & LIGHT COMPANY,         )
                                   )
            Defendant.             )
                                   )
_____)

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff's motion for certification for interlocutory appeal (Doc. # 58). For the reasons set forth below, the Court **denies** the motion.

On March 26, 2014, the Court issued its Memorandum and Order by which it granted in part and denied in part defendant's motion for summary judgment (Doc. # 50). Among its rulings, the Court granted summary judgment in favor of defendant on plaintiff's claim to recover the purchase price of the goods at issue, on the basis that plaintiff had failed to provide evidence of its revocation of its acceptance of the goods (necessary for recovery of the purchase price) sufficient to create a question of fact for trial. On May 20, 2014, the Court issued a Memorandum and Order by which it denied plaintiff's motion for reconsideration of that ruling (Doc. # 57). Plaintiff now requests that the Court certify those two orders for interlocutory appeal of that ruling pursuant to

28 U.S.C. § 1292(b).

> Section 1292(b) provides as follows:
>
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

*Id.* Upon such certification by the district court, the Court of Appeals may or may not decide to permit the interlocutory appeal in its discretion. *Id.* Certification under this section is within the discretion of the district court. *See Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995). In deciding whether to exercise its discretion under Section 1292(b), the Court is mindful that "there is a long-established policy preference in the federal courts disfavoring piecemeal appeals." *See Conrad v. Phone Directories Co.*, 585 F.3d 1376, 1382 (10th Cir. 2009).

In this case, the Court declines to exercise its discretion to certify its ruling for interlocutory appeal. First, the Court does not believe that its ruling presents the kind of "controlling question of law" on which an interlocutory appeal should be permitted. Plaintiff attempts to characterize the relevant legal issue here as one concerning the amount of notice necessary for revocation of acceptance under Kansas law. Plaintiff has not shown or even suggested, however, that the Court incorrectly stated the governing law concerning revocation, or that there is controversy among the courts concerning the amount of notice necessary. Rather, the pertinent issue of law in this case is whether

2

plaintiff submitted sufficient evidence to create a question of fact concerning revocation. The Court agrees with those courts that have concluded that such an issue of the sufficiency of the evidence to avoid summary judgment is not the type of legal question envisioned by the interlocutory appeal process, as such an issue requires the appellate court to embroil itself in the record, instead of merely deciding a more traditional legal issue. *See, e.g.*, *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258-59 (11th Cir. 2004) ("§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts . . . . The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case."); *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000) ("We think 'question of law' as used in section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact."); *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991) (section 1292(b) does not provide for appeal of "questions as to whether genuine issues of material fact remain to be tried"); *see also* 16 Charles A. Wright, et al., *Federal Practice and Procedure* § 3930 (1996) ("Even when the question is the supposed question of law whether there are any genuine issues of material fact that preclude summary judgment, ordinarily it seems better to keep courts of appeals aloof

from interlocutory embroilment with the factual content of the record.").[1]

The Court also does not agree that a substantial ground exists for a difference of opinion concerning whether plaintiff did submit evidence sufficient to create a question of fact for trial. Plaintiff insists that it submitted evidence of conversations by which it revoked its acceptance of the goods, but as the Court stated in its prior orders, plaintiff presented no evidence suggesting that plaintiff went beyond merely complaining about the goods and also revoked its acceptance of the goods.

Accordingly, the Court concludes in its discretion that certification for interlocutory appeal is not warranted in this case, and it therefore denies plaintiff's motion.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiff's motion for certification for interlocutory appeal (Doc. # 58) is **denied**.

IT IS SO ORDERED.

Dated this 3rd day of July, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge

---

[1]Plaintiff did not submit a reply brief in support of its motion, and thus it did not respond to this point raised by defendant concerning the type of legal issue presented here.